TRINETTE G. KENT (State Bar No. 025180)
KENT LAW OFFICES
3219 E. Camelback Rd #588
Phoenix, AZ 85018
Telephone:  (480) 247-9644
Facsimile:  (480) 717-4781
E-mail: tkent@kentlawpc.com

Of Counsel to:
Credit Repair Lawyers of America
22142 West Nine Mile Road
Southfield, MI 48033
Telephone:  (248) 353-2882
Facsimile:  (248) 353-4840

*Attorneys for Plaintiff,*
*Michael Wheeler*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Michael Wheeler,<br><br>  Plaintiff,<br><br>  vs.<br><br>Trans Union, LLC,<br>a Delaware limited liability company,<br>Equifax Information Services, LLC,<br>a Georgia limited liability company; and<br>Healthcare Collections-I, L.L.C.,<br>a domestic limited liability company,<br><br>  Defendants. | Case No.:<br><br>**COMPLAINT**<br><br>**JURY TRIAL DEMAND** |

1

NOW COMES THE PLAINTIFF, MICHAEL WHEELER, BY AND THROUGH COUNSEL, TRINETTE G. KENT, and for his Complaint against the Defendants, pleads as follows:

## JURISDICTION

1. Jurisdiction of this court arises under 15 U.S.C. §1681p.

2. This is an action brought by a consumer for violation of the Fair Credit Reporting Act (15 U.S.C. §1681, *et seq.* [hereinafter "FCRA"]).

## VENUE

3. The transactions and occurrences which give rise to this action occurred in the City of Mesa, Maricopa County, Arizona.

4. Venue is proper in the District of Arizona, Phoenix Division.

## PARTIES

5. Plaintiff is a natural person residing in the city of Mesa, in Maricopa County, Arizona.

6. The Defendants to this lawsuit are:

   a. Trans Union, LLC ("Trans Union"), which is a Delaware limited liability company that maintains a registered agent in Maricopa County, Arizona;

b. Equifax Information Services, LLC ("Equifax"), which is a Georgia limited liability company that maintains a registered agent in Maricopa County, Arizona; and

c. Healthcare Collections-I, L.L.C. ("Healthcare Collections"), which is a domestic limited liability company that maintains a registered agent in Maricopa County, Arizona.

## GENERAL ALLEGATIONS

7. Healthcare Collections is reporting its trade line ("Errant Trade Line") on Mr. Wheeler's Trans Union and Equifax credit files with dispute language.

8. Mr. Wheeler no longer disputes the Errant Trade Line and wants the dispute language removed.

9. On July 14, 2017, Mr. Wheeler obtained his credit files and noticed that Healthcare Collections reported the Errant Trade Line with dispute language.

10. That same day, Mr. Wheeler submitted letters to Trans Union and Equifax, requesting that the credit bureaus remove the dispute language from the Errant Trade Line.

11. Upon information and belief, Equifax and Trans Union and forwarded Mr. Wheeler's consumer dispute to Healthcare Collections.

12. On September 6, 2017, Mr. Wheeler obtained his Equifax credit file, which showed that Healthcare Collections failed to remove the dispute language from the Errant Trade Line.

13. On September 6, 2017, Mr. Wheeler obtained his Trans Union credit file, which showed that Healthcare Collections failed to remove the dispute language from the Errant Trade Line.

14. As a direct and proximate cause of the Defendants' negligent and/or willful failure to comply with the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.*, Plaintiff has suffered credit and emotional damages.  Due to the Defendants' failure to correct the errors in his credit file, Plaintiff has been forced to refrain from applying for new credit or more favorable terms on existing credit lines. Plaintiff has also experienced undue stress and anxiety due to Defendants' failure to correct the errors in his credit file or improve his financial situation by obtaining new or more favorable credit terms as a result of the Defendants' violations of the FCRA.

## COUNT I

**NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY HEALTHCARE COLLECTIONS**

15. Plaintiff realleges the above paragraphs as if recited verbatim.

4

16. After being informed by Trans Union and Equifax of Mr. Wheeler's consumer dispute of the disputed language on the Errant Trade Line, Healthcare Collections negligently failed to conduct a proper investigation of Mr. Wheeler's dispute as required by 15 USC 1681s-2(b).

17. Healthcare Collections negligently failed to review all relevant information available to it and provided by Trans Union and Equifax in conducting its reinvestigation as required by 15 USC 1681s-2(b), and failed to direct Trans Union and Equifax to remove the disputed language from the Errant Trade Line.

18. The Errant Trade Line is inaccurate and creating a misleading impression on Mr. Wheeler's consumer credit files with Trans Union and Equifax to which it is reporting such trade line.

19. As a direct and proximate cause of Healthcare Collections' negligent failure to perform its duties under the FCRA, Mr. Wheeler has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

20. Healthcare Collections is liable to Mr. Wheeler by reason of its violations of the FCRA in an amount to be determined by the trier fact together with reasonable attorneys' fees pursuant to 15 USC 1681o.

21. Mr. Wheeler has a private right of action to assert claims against Healthcare Collections arising under 15 USC 1681s-2(b).

5

**WHEREFORE, PLAINTIFF PRAYS** that this court grants him a judgment against the Defendant Healthcare Collections for damages, costs, interest, and attorneys' fees.

## COUNT II

### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY HEALTHCARE COLLECTIONS

22. Plaintiff realleges the above paragraphs as if recited verbatim.

23. After being informed by Trans Union and Equifax that Mr. Wheeler disputed the accuracy of the information it was providing, Healthcare Collections willfully failed to conduct a proper reinvestigation of Mr. Wheeler's dispute, and willfully failed to direct Trans Union and Equifax to remove the disputed language from the Errant Trade Line.

24. Healthcare Collections willfully failed to review all relevant information available to it and provided by Trans Union and Equifax as required by 15 USC 1681s-2(b).

25. As a direct and proximate cause of Healthcare Collections' willful failure to perform its duties under the FCRA, Mr. Wheeler has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

26. Healthcare Collections is liable to Mr. Wheeler for either statutory damages or actual damages he has sustained by reason of its violations of the FCRA in an amount to be determined by the trier fact, together with an award of punitive

damages in the amount to be determined by the trier of fact, as well as for reasonable attorneys' fees and he may recover therefore pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grants him a judgment against the Defendant Healthcare Collections for the greater of statutory or actual damages, plus punitive damages, along with costs, interest, and attorneys' fees.

## COUNT III

**NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY TRANS UNION**

27. Plaintiff realleges the above paragraphs as if recited verbatim.

28. Defendant Trans Union prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Mr. Wheeler as that term is defined in 15 USC 1681a.

29. Such reports contained information about Mr. Wheeler that was false, misleading, and inaccurate.

30. Trans Union negligently failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Mr. Wheeler, in violation of 15 USC 1681e(b).

31. After receiving Mr. Wheeler's consumer dispute to the Errant Trade Line, Trans Union negligently failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

32. As a direct and proximate cause of Trans Union's negligent failure to perform its duties under the FCRA, Mr. Wheeler has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

33. Trans Union is liable to Mr. Wheeler by reason of its violation of the FCRA in an amount to be determined by the trier fact together with his reasonable attorneys' fees pursuant to 15 USC 1681o.

**WHEREFORE, PLAINTIFF PRAYS** that this court grants him a judgment against Trans Union for actual damages, costs, interest, and attorneys' fees.

## COUNT IV

### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY TRANS UNION

34. Plaintiff realleges the above paragraphs as if recited verbatim.

35. Defendant Trans Union prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Mr. Wheeler as that term is defined in 15 USC 1681a.

36. Such reports contained information about Mr. Wheeler that was false, misleading, and inaccurate.

37. Trans Union willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information that it reported to one or more third parties pertaining to Mr. Wheeler, in violation of 15 USC 1681e(b).

8

38. After receiving Mr. Wheeler's consumer dispute to the Errant Trade Line, Trans Union willfully failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

39. As a direct and proximate cause of Trans Union's willful failure to perform its duties under the FCRA, Mr. Wheeler has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

40. Trans Union is liable to Mr. Wheeler by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with his reasonable attorneys' fees pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grants him a judgment against Defendant Trans Union for the greater of statutory or actual damages, plus punitive damages along with costs, interest, and reasonable attorneys' fees.

## COUNT V

### NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EQUIFAX

41. Plaintiff realleges the above paragraphs as if recited verbatim.

42. Defendant Equifax prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Mr. Wheeler as that term is defined in 15 USC 1681a.

43. Such reports contained information about Mr. Wheeler that was false, misleading, and inaccurate.

9

44. Equifax negligently failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Mr. Wheeler, in violation of 15 USC 1681e(b).

45. After receiving Mr. Wheeler's consumer dispute to the Errant Trade Line, Equifax negligently failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

46. As a direct and proximate cause of Equifax's negligent failure to perform its duties under the FCRA, Mr. Wheeler has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

47. Equifax is liable to Mr. Wheeler by reason of its violation of the FCRA in an amount to be determined by the trier fact together with his reasonable attorneys' fees pursuant to 15 USC 1681o.

**WHEREFORE, PLAINTIFF PRAYS** that this court grants him a judgment against Equifax for actual damages, costs, interest, and attorneys' fees.

## COUNT VI

**WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EQUIFAX**

48. Plaintiff realleges the above paragraphs as if recited verbatim.

49. Defendant Equifax prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Mr. Wheeler as that term is defined in 15 USC 1681a.

50. Such reports contained information about Mr. Wheeler that was false, misleading, and inaccurate.

51. Equifax willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information that it reported to one or more third parties pertaining to Mr. Wheeler, in violation of 15 USC 1681e(b).

52. After receiving Mr. Wheeler's consumer dispute to the Errant Trade Line, Equifax willfully failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

53. As a direct and proximate cause of Equifax's willful failure to perform its duties under the FCRA, Mr. Wheeler has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

54. Equifax is liable to Mr. Wheeler by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with his reasonable attorneys' fees pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grants him a judgment against Defendant Equifax for the greater of statutory or actual damages, plus punitive damages along with costs, interest, and reasonable attorneys' fees.

## JURY DEMAND

Plaintiff hereby demands a trial by Jury.

1  DATED: September 27, 2017

                                        KENT LAW OFFICES

                                        By: */s/ Trinette G. Kent*
                                           Trinette G. Kent
                                           Attorneys for Plaintiff,
                                           Michael Wheeler