TRINETTE G. KENT (State Bar No. 025180)
KENT LAW OFFICES
3219 E. Camelback Rd #588
Phoenix, AZ 85018
Telephone: (480) 247-9644
Facsimile: (480) 717-4781
E-mail: tkent@kentlawpc.com

Of Counsel to:
Credit Repair Lawyers of America
22142 West Nine Mile Road
Southfield, MI 48033
Telephone: (248) 353-2882
Facsimile: (248) 353-4840

*Attorneys for Plaintiff,*
*Michael Wheeler*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Michael Wheeler, | Case No.: 2:17-cv-03328-JAT |
| Plaintiff, | |
| vs. | **PROPOSED CASE MANAGEMENT PLAN** |
| Trans Union, LLC, Equifax Information Services, LLC and Healthcare Collections-I, L.L.C., | |
| Defendants. | |

1

A Rule 16 Scheduling Conference is scheduled for December 20, 2017, at 4:00 p.m., before the Honorable James A. Teilborg, and the parties have prepared the foregoing Proposed Case Management Plan pursuant to the Court's Order setting the Rule 16 Scheduling Conference.

1. **<u>Nature of the case</u>**

   a. **Plaintiff, Michael Wheeler**

On July 14, 2017, Mr. Wheeler obtained his credit files and noticed that Healthcare Collections reported its trade line ("the Errant Trade Line") with dispute language. That same day, Mr. Wheeler submitted letters to Trans Union and Equifax, stating that he no longer disputes the Errant Trade Line and requesting that the credit bureaus remove the dispute language from the Errant Trade Line. Upon information and belief, Equifax and Trans Union forwarded Mr. Wheeler's consumer dispute to Healthcare Collections. On September 6, 2017, Mr. Wheeler obtained his Equifax and Trans Union credit files, each of which showed that Healthcare Collections failed to remove the dispute language from the Errant Trade Line.

   b. **Trans Union:**

As discovery has yet to commence, Trans Union cannot provide this Court with a complete factual background of the case as it relates specifically to Plaintiff. Upon information and belief, Trans Union has accurately reported credit information pertaining to the Plaintiff. Further, Trans Union properly investigated Plaintiff's

disputes as required by the FCRA, updated the information as appropriate, and timely reported the results of those investigations to Plaintiff. At all relevant times, Trans Union maintained and followed reasonable procedures to avoid violations of the Fair Credit Reporting Act and assure maximum possible accuracy of the information concerning Plaintiff in preparing consumer reports related to Plaintiff. Trans Union accepted information regarding Plaintiff from reliable sources. Trans Union may reasonably rely upon the creditor, the party actually responsible for the reinvestigation under 1681 s-2(b). Trans Union has not acted with malice, negligent, willful or reckless intent to harm Plaintiff, nor with reckless or conscious disregard for the rights of Plaintiff, and Trans Union has fully complied with the FCRA. Trans Union will also show that any alleged damage suffered by Plaintiff was not caused by Trans Union.

In addition, at this time Trans Union does not have knowledge or possession of facts or documents controlled by the Plaintiff and Healthcare Collections, or the underlying creditor Medical-Banner Boswell. Therefore, this statement is based on the facts known by Trans Union at this time. Trans Union makes this statement without waiving any defense and reserves the right to supplement this statement as the facts are developed.

    c. **Healthcare Collections:**

Prior the events alleged in the Complaint, Plaintiff Michael Wheeler had disputed the debt that Defendant Healthcare Collections-I, LLC ("HCI") was attempting to collect, and HCI dutifully reported that debt as "disputed" with the credit reporting agencies used by HCI.  Thereafter, HCI did not receive a request from Plaintiff (either directly or through Trans Union and/or Equifax) to remove the "disputed" language from the tradeline reported by HCI pertaining to Plaintiff.  The first time that HCI discovered that Plaintiff apparently no longer disputes the trade line was upon review of Plaintiff's Complaint.  At all times, HCI reported the credit information pertaining to Plaintiff accurately, and HCI reasonably investigated all of the disputes and requests for investigation that it received directly or indirectly from Plaintiff.  HCI denies that Plaintiff sustained any damages that can be attributed to HCI. Plaintiff's claims against HCI fail as a matter of law and are being pursued in bad faith or for the purposes of harassment, entitling Defendant HCI to an award of its attorney's fees costs, pursuant to15 U.S.C. §§ 1681o(b), 1681n(c).

***Plaintiff has settled his claims Equifax.**

 **2. Jurisdictional basis for case**

Jurisdiction of this court arises under 15 U.S.C. §1681p.  This is an action brought by a consumer, alleging violations of the Fair Credit Reporting Act.

 **3. Parties that have not been served, and/or answered**

All parties have been served and have answered the Complaint.

4

4. **Parties not subject to the Court's jurisdiction**

Not applicable.

5. **Suitability for reference to arbitration/master/magistrate**

The parties do not consent to the assignment of this matter to a United States Magistrate Judge, master, or for reference to arbitration.

6. **Status of related cases**

There are no related cases to this matter.

7. **Mandatory Initial Discovery Pilot Project ("MIDP"):**

   a. *MIDP Certification:* Each party has received and reviewed both the Preliminary Order issued in this case and the Attachments to that Order which concern the MIDP.

   b. *MIDP Compliance:* To date, the parties are compliant with the MIDP.

   c. *MIDP Issues and Disputes:*  None at this time.

8. **MIDP Responses:**

Plaintiff will serve his MIDP responses no later than December 11, 2017. Defendant Trans Union will serve its MIDP responses no later than January 10, 2018. Defendant Healthcare Collections will serve its MIDP responses no later than January 10, 2018.

9. **Proposed Deadlines**

   a. **Motion to amend the pleadings:** February 23, 2018.

    b. **Disclosure of experts and testimony**

        i. Plaintiff shall provide expert disclosures no later than May 18, 2018;

        ii. Defendants shall provide expert disclosures no later than June 15, 2018; and

        iii. Rebuttal expert disclosures shall be made no later than June 29, 2018.

    c. **Discovery Cutoff:** June 29, 2018.

    d. **Dispositive motions:** August 3, 2018.

    e. **Case specific deadlines:** Not applicable.

**10. Suggested changes in discovery limitations**

The parties defer to the discovery limitations set forth in the Federal Rules of Civil Procedure. Discovery is needed on the following topics:

    1) Information relating to all claims and defenses asserted by each party.

    2) Information relating to third-party creditors, potential fact witnesses, and Plaintiff's experts, including possible deposition testimony prior to the end of the discovery period.

    3) Maximum of 10 depositions by Plaintiff and 10 by each Defendant.

**11. Trial**

a. **Estimated date case will be ready for trial:** September 8, 2018.

b. **Estimated length of trial:** 2 days

c. **Suggestions for shortening the trial:** None at this time.

12. **Whether a jury trial has been requested**

Plaintiff requested a Jury Trial, which is not contested by Defendants at this time.

13. **Unusual, difficult or complex issues**

There are no issues or problems that would require the case to be placed on the complex track for case management at this time.

14. **Other modifications to pretrial procedures**

None at this time.

Respectfully Submitted,        Dated: December 5, 2017

| | |
|---|---|
| /s/ Trinette G. Kent<br>TRINETTE G. KENT<br>KENT LAW OFFICES<br>Attorneys for Plaintiff<br>3219 E Camelback Rd #588<br>Phoenix, AZ 85018<br>Telephone: (480) 247-9644<br>tkent@kentlawpc.com<br><br>/s/ R.J. Lamb w/ consent<br>JAMES L. CSONTOS<br>ROBERT J. LAMB<br>JENNINGS, HAUG &<br>CUNNINGHAM, L.L.P.<br>Attorneys for Healthcare<br>Collections-I, L.L.C.<br>2800 N. Central Avenue, Suite 1800<br>Phoenix, AZ 85004-1049<br>Telephone: (602-234-7800<br>Facsimile: (602) 277-5595<br>JLC@JHC.Law<br>RJL@JHC.Law | /s/ J. Neil Stuart w/ consent<br>COHEN DOWD QUIGLEY<br>The Camelback Esplanade One<br>2425 East Camelback Road, Suite 1100<br>Phoenix, AZ 85016<br>Telephone: 602.252.8400<br>DANIEL P. QUIGLEY (009809)<br>E-Mail: dquigley@CDQLaw.com<br>J. NEIL STUART (028569)<br>E-Mail: nstuart@CDQLaw.com<br>Attorneys for Trans Union |